<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GLENN GUNSET, | : | |
| | : | Civil Action No. 12-4735 (DMC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| LIEUTENANT JERRY MARSH, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Glenn Gunset
Northern State Prison
Newark, NJ  07114

**CAVANAUGH**, District Judge

    Plaintiff Glenn Gunset, a prisoner confined at Northern State Prison in Newark, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that on the evening of June 21 to 22, 2010, the Defendant police officers William Macrae and Sgt. Gary Blumenthal were dispatched to Plaintiff's residence on report of a smoke or carbon-monoxide alarm, called in by Joseph Farinelli. Plaintiff alleges that Officer Macrae and Sgt. Blumenthal entered his property and conducted a search of the premises.  Plaintiff alleges that after the search, Sgt. Blumenthal contacted Defendant Fire Chief Gregory Goodell, Sr., who came to the premises and determined that forced entry of the residence was necessary without any notice to the owner.  Plaintiff alleges that Fire Chief Goodell, Sr., instructed his son Defendant Gregory Goodell, Jr., to gain entry to the residence through a window and to conduct a search of the interior of the home. Plaintiff alleges that, when that search was completed, Mr. Goodell, Jr., unlocked the residence door for the Fire Department.  Plaintiff alleges that after a further search of the premises, Defendant Goodell, Jr., and Defendant firefighter Lt. Jerry Marsh conducted a further search of Plaintiff's personal property that was sealed within the premises.

Plaintiff alleges that at the conclusion of the search, Defendant Detectives John Devoe and Peter Martin arrived at Plaintiff's residence, prevented him from returning to his residence, and questioned him without giving him any <u>Miranda</u> warnings.  Plaintiff alleges that he was thereafter directed to proceed by his own vehicle to the River Vale police department, where Defendant Sgt. John Devoe continued to question him while denying him leave to consult with counsel, as Plaintiff had asked to do.

Plaintiff alleges that his vehicle was impounded the same night and never returned to him.

Plaintiff alleges that the defendants violated his Fourth Amendment right to be free from unreasonable searches and seizures, his Fifth and Fourteenth Amendment rights not to be deprived of life, liberty, or property without due process, and his Sixth Amendment right to have the assistance of counsel for his defense.[1]

Plaintiff seeks compensatory and punitive damages. Plaintiff also seeks the appointment of counsel because he has a fifth-grade reading level.

_____

[1] Plaintiff alleges that he was charged with various drug offenses as a result of this evening's activities and that he pleaded guilty to one count of manufacturing-distributing-dispensing a controlled dangerous substance contrary to N.J.S.A. 2C:35-5A(1), resulting a a sentence of five-years incarceration.

3

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

4

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

The Court of Appeals for the Third Circuit has held, in the context of a § 1983 civil rights action, that the Twombly pleading standard applies outside the § 1 antitrust context in which it was decided.  See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

5

<u>Twombly</u> so narrowly as to limit its holding on plausibility to the antitrust context").

> Context matters in notice pleading.  Fair notice under Rule 8(a)(2) depends on the type of case -- some complaints will require at least some factual allegations to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  Indeed, taking <u>Twombly</u> and the Court's contemporaneous opinion in <u>Erickson v. Pardus</u>, 127 S.Ct. 2197 (2007), together, we understand the Court to instruct that a situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.  Put another way, in light of <u>Twombly</u>, Rule 8(a)(2) requires a "showing" rather than a blanket assertion of an entitlement to relief.  We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests.

<u>Phillips</u>, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of <u>any</u> civil complaint, a court must distinguish factual contentions -- which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Although the Court must assume the veracity of the facts asserted in the complaint, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  <u>Id.</u> (citation omitted).  Thus, "a court considering a motion to dismiss can

6

choose to begin by identifying pleadings that, because they are

no more than conclusions, are not entitled to the assumption of

truth." Id. at 679.

> Therefore, after Iqbal, when presented with a
> motion to dismiss for failure to state a claim,
> district courts should conduct a two-part analysis.
> First, the factual and legal elements of a claim should
> be separated.  The District Court must accept all of
> the complaint's well-pleaded facts as true, but may
> disregard any legal conclusions.  Second, a District
> Court must then determine whether the facts alleged in
> the complaint are sufficient to show that the plaintiff
> has a "plausible claim for relief."  In other words, a
> complaint must do more than allege the plaintiff's
> entitlement to relief.  A complaint has to "show" such
> an entitlement with its facts.  See Phillips, 515 F.3d
> at 234-35.  As the Supreme Court instructed in Iqbal,
> "[w]here the well-pleaded facts do not permit the court
> to infer more than the mere possibility of misconduct,
> the complaint has alleged-but it has not
> 'show[n]'-'that the pleader is entitled to relief.'"
> This "plausibility" determination will be "a
> context-specific task that requires the reviewing court
> to draw on its judicial experience and common sense."

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009)

(citations omitted).

Where a complaint can be remedied by an amendment, a

district court may not dismiss the complaint with prejudice, but

must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34

(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d

Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane

v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg

County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).[2]

---

[2] There is no allegation that Mr. Farinelli was a government employee or that he otherwise could be construed as a "state actor." Accordingly, any claims against Mr. Farinelli will be dismissed for failure to state a claim. Moreover, Plaintiff has failed to allege any <u>facts</u> that would suggest a basis for liability with respect to Mr. Farinelli. In any event, any claims against Mr. Farinelli appear to be time barred, as discussed more fully, <u>infra</u>. Thus, it does not appear that Plaintiff could amend to cure the defects with respect to any claim against Mr. Farinelli.

IV.  ANALYSIS

A.  Interrogation Procedures

Plaintiff seeks compensatory damages for the police defendants' failures to apprise him of his Miranda rights and to comply with his request to consult with his counsel.

In Miranda v. Arizona, 384 U.S. 436 (1966), the Supreme Court set forth certain procedural safeguards that must be employed, to protect an individual's Fifth Amendment privilege against self-incrimination, whenever authorities take an individual into custody, or otherwise deprive him of his freedom in any significant way, and subject him to questioning.

> Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required. Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed. The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning. Likewise, if the individual is alone

and indicates in any manner that he does not wish to be interrogated, the police may not question him. The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned.

Miranda v. Arizona, 384 U.S. at 444-445 (footnote omitted).

To the extent Plaintiff seeks to assert a claim for damages based directly upon the failure to give a proper Miranda warning, or questioning or acquisition of a statement in violation of his Miranda warning rights, he fails to state a claim. "[V]iolations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself. ... The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the 'right to counsel' during custodial interrogation recognized in [Miranda] is merely a procedural safeguard and not a substantive right." Giuffre v. Bissell, 31 F.3d 1241, 1256 (3d Cir. 1994) (citations omitted). Thus, Plaintiff has no free-standing Fifth Amendment right to remain silent during interrogation. Nor does Plaintiff have a free-standing Fifth Amendment claim for denial of the right to counsel during questioning. See James v. York County Police Dept., 160 Fed.Appx. 126, 133, 2005 WL 3313029, 5 (3d Cir. 2005) (citing Giuffre). In addition, a person's Sixth Amendment right to counsel "attaches only at or after the time that adversary judicial proceedings have been initiated against

10

him." <u>Kirby v. Illinois</u>, 406 U.S. 682, 688 (1972) (plurality opinion). Accordingly, all claims arising out of alleged irregularities during interrogation will be dismissed with prejudice for failure to state a claim. It does not appear that Plaintiff could amend to cure the defects with respect to these claims.

B.   <u>Statute of Limitations</u>

Plaintiff alleges that the events complained of took place on the evening of June 21 through 22, 2010. The Complaint, dated July 18, 2012, is accompanied by a cover letter dated July 24, 2012. Thus, the earliest date that the Complaint could be deemed filed in July 24, 2012.[3]

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." <u>Bethel v. Jendoco Construction Corp.</u>, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss <u>sua sponte</u> under 28 U.S.C. § 1915(e)(2) a <u>pro se</u> civil rights claim whose untimeliness is apparent from the face of the

_____

[3] Typically, a prisoner's complaint is deemed filed at the moment he delivers it to prison officials for mailing to the district court. <u>See</u> <u>Burns v. Morton</u>, 134 F.3d 109 (3d Cir. 1998) (citing <u>Houston v. Lack</u>, 487 U.S. 2676 (1988)); <u>see also</u> <u>Rivers v. Horn</u>, 2001 WL 312236 *1, n.1 (E.D. Pa. March 29, 2001).

Complaint.  <u>See</u>, <u>e.g.</u>, <u>Jones v. Bock</u>, 549 U.S. 199, 214-15 (2007)
(if the allegations of a complaint, "for example, show that
relief is barred by the applicable statute of limitations, the
complaint is subject to dismissal for failure to state a claim").
<u>See also</u> <u>Pino v. Ryan</u>, 49 F.3d 51, 53 (2d Cir. 1995) (holding,
under former § 1915(d) <u>in</u> <u>forma</u> <u>pauperis</u> provisions, that <u>sua</u>
<u>sponte</u> dismissal prior to service of an untimely claim is
appropriate since such a claim "is based on an indisputably
meritless legal theory"); <u>Hunterson v. DiSabato</u>, 2007 WL 1771315
(3d Cir. 2007) ("district court may <u>sua</u> <u>sponte</u> dismiss a claim as
time barred under 28 U.S.C. § 1915A(b)(1) where it is apparent
from the complaint that the applicable limitations period has
run") (citing <u>Jones v. Bock</u>, <u>Pino v. Ryan</u>) (not precedential);
<u>Hall v. Geary County Bd. of County Comm'rs</u>, 2001 WL 694082 (10th
Cir. June 12, 2001) (unpub.) (applying <u>Pino</u> to current
§ 1915(e)); <u>Rounds v. Baker</u>, 141 F.3d 1170 (8th Cir. 1998)
(unpub.); <u>Johnstone v. United States</u>, 980 F.Supp. 148 (E.D. Pa.
1997) (applying <u>Pino</u> to current § 1915(e)).  The requirements of
28 U.S.C. § 1915A (governing civil actions in which a prisoner
seeks redress from a governmental entity or officer or employee
of a governmental entity) and 42 U.S.C. § 1997e (governing
actions brought with respect to prison conditions), that federal
courts review and dismiss any complaint that fails to state a
claim, parallel the provision in 28 U.S.C. § 1915(e).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is <u>not</u> resolved by reference to state law." <u>Wallace v. Kato</u>, 549 U.S. 384, 388, 127 S.Ct. 1091, 1095 (2007) (emphasis in original).

A claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of his action." <u>Sandutch v. Muroski</u>, 684 F.2d 252, 254 (3d Cir. 1982). <u>See also</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380, 1385 (3d Cir. 1994). "Plaintiff'S actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the injury constitutes a legal wrong." <u>Fassnacht v. United States</u>, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing <u>Oshiver</u>, 38 F.3d at 1386).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. <u>See</u> <u>Montgomery v. DeSimone</u>, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); <u>Cito v. Bridgewater Township Police Dept.</u>, 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury

13

to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. <u>Cito</u>, 892 F.2d at 25; <u>accord</u> <u>Brown v. Foley</u>, 810 F.2d 55, 56 (3d Cir. 1987).

Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. <u>Wilson v. Garcia</u>, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory tolling." <u>See</u>, <u>e.g.</u>, N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. <u>See</u> <u>Freeman v. State</u>, 347 N.J. Super. 11, 31 (citations omitted), <u>certif. denied</u>, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." <u>Id.</u>

14

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine.  See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000).  Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

Here, according to the allegations of his Complaint, Plaintiff's claims against all defendants accrued no later than June 22, 2010.  Plaintiff alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.  Thus, because Plaintiff's Complaint was deemed filed more than two years after his claims accrued, it appears that Plaintiff's claims against all defendants are time-barred and should be dismissed with prejudice.  Plaintiff will be ordered to show cause why all claims not dismissed with prejudice for failure to state a claim should not be dismissed with prejudice as time-barred.

C.   Application for Appointment of Counsel

Plaintiff has applied for appointment of counsel on the ground that he has a fifth-grade reading level.

Indigent persons raising civil rights claims have no absolute constitutional right to counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  In determining whether to appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. ... If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> > (1) the plaintiff's ability to present his or her own case;
> > (2) the complexity of the legal issues;
> > (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> > (4) the amount a case is likely to turn on credibility determinations;
> > (5) whether the case will require the testimony of expert witnesses;
> > (6) whether the plaintiff can attain and afford counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).]  This list of factors is not exhaustive, but instead should serve as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases. Id. at 157.

Parham, 126 F.3d at 457-58.

In considering the first factor, courts should consider "the plaintiff's education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156.  In addition, courts should consider whether the plaintiff has access to

16

resources such as a typewriter, photocopier, telephone, and computer.  Id.

"Where the legal issues are complex, it will probably serve everyone involved if counsel is appointed."  Parham, 126 F.3d at 459 (citing Tabron, 6 F.3d at 156 and Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981) (per curiam) ("[W]here the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis.")).

In considering the ability of a plaintiff to investigate the facts, courts "should be aware that it may be difficult for indigent plaintiffs to understand the complex discovery rules." Parham, 126 F.3d at 460.

In considering the credibility factor, "courts should determine whether the case was solely a swearing contest." Parham, 126 F.3d at 460.

The necessity of an expert witness "weighs heavily in favor of appointment of counsel."  Parham, 126 F.3d at 460.  Finally, where other factors weigh in favor of appointment of counsel, evidence that a plaintiff has made extensive unsuccessful efforts to obtain counsel weighs heavily in favor of appointment. Parham, 126 F.3d at 461.

Analysis of these factors reveals that appointment of counsel is not appropriate at this time.  As a preliminary

matter, Plaintiff has not presented a claim with merit in fact and in law.  To the contrary, to the extent not otherwise dismissible for failure to state a claim, it appears that his claims are time-barred.  Plaintiff's bare allegation that he has only a fifth-grade reading level is not, under the circumstances presented here, sufficient to justify appointment of counsel. The legal issue facing Plaintiff at this time, the timeliness of his Complaint, is straightforward.  Moreover, in ordering Plaintiff to show cause why the Complaint should not be dismissed as time-barred, this Court has set forth the relevant statutory and case law governing the issue.  Accordingly, the application for appointment of counsel will be dismissed without prejudice to Plaintiff or this Court revisiting the issue should this matter ultimately proceed.

V.  <u>CONCLUSION</u>

For the reasons set forth above, certain claims will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and Plaintiff will be ordered to show cause why all claims not otherwise dismissed with prejudice for failure to state a claim should not be dismissed with prejudice as untimely.

An appropriate order follows.

Dennis M. Cavanaugh
United States District Judge

Dated: 8/3/12

18